UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-104-FDW
(5:07-cr-23-FDW-DCK-2)

| | |
|---|---|
| BRIAN DARNELL HENDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Also pending are a Motion to Expedite, (Doc. No. 2), and Motion Seeking Leave to Amend § 2255 Motion to Vacate, (Doc. No. 3).

## I.    BACKGROUND

Petitioner was charged along with five co-defendants in a drug trafficking conspiracy in the underlying criminal case. (5:07-cr-23, Doc. No. 3). A jury found him guilty of: Count (1), conspiracy to possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base; Count (3), possession with intent to distribute five grams more of cocaine base and a detectable amount of powder cocaine; Count (4), possession of a firearm in furtherance of a drug trafficking crime; and Count (5), possession of a firearm by a convicted felon. (5:07-cr-23, Doc. No. 112). In an order docketed on October 16, 2008, the Court adjudicated him guilty and sentenced him to life imprisonment plus sixty months, followed by a total of 10 years of supervised release. (5:07-cr-23, Doc. No. 130). The Fourth Circuit Court of Appeals affirmed, United States v. Henderson, 380 Fed. Appx. 295 (4th Cir. 2010), and the United States Supreme Court denied certiorari, Henderson v. United States, 562 U.S. 972 (2010), 562 U.S. 1015 (2010).

1

Petitioner filed a § 2255 Motion to Vacate on October 1, 2011, that was open as a new civil case, number 5:11-cv-147. The Court vacated his § 922(g)(1) conviction in Count (5) and granted resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and denied the remaining claims. Henderson v. United States, 2013 WL 6709729 (W.D.N.C. Dec. 18, 2013). The Court entered an Amended Judgment on May 5, 2014, dismissing the § 922(g)(1) count and reducing the sentence to a total of 248 months (188 months as to counts (1)-(3), concurrent, and 60 months as to Count (4), consecutive). (5:07-cr-23, Doc. No. 232). Petitioner appealed and the Fourth Circuit remanded the matter for the limited purpose of redetermining the length of Petitioner's supervised release. (5:07-cr-23, Doc. No. 250). The Court docketed an Amended Judgment on August 5, 2015, clarifying that the total term of supervised release is five years. (5:07-cr-23, Doc. No. 255). Petitioner's counsel filed a memorandum brief pursuant to Anders v. Calinfornia, 386 U.S. 738 (1967), on appeal. The Fourth Circuit affirmed in part and dismissed in part, United States v. Henderson, 631 Fed. Appx. 118 (4th Cir. 2015), and denied rehearing and rehearing *en banc* on January 20, 2016, (5:07-cr-23, Doc. No. 261).

Meanwhile, Petitioner filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), pursuant to U.S. Sentencing Guideline Amendment 782. (5:07-cr-23, Doc. No. 251). The Court granted relief and, on December 28, 2015, reduced the sentence to a total of 211 months' imprisonment. (5:07-cr-23, Doc. No. 260).

Petitioner filed the instant § 2255 Motion to Vacate on June 9, 2017, (Doc. No. 1). He raises claims of ineffective assistance of counsel and trial court error. With regards to timeliness, he states: "Petitioner's MOTION 2255 is timely because challenge of subject matter jurisdiction can be raised at any time. Also the petitioner's application is timely filed under 2255's one year

limitation pursuant to the AEDPA of the United States Code and Rule Manual." (Doc. No. 1 at 10).

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A federal judgment becomes final "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to

enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 560 U.S 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner's conviction and sentence became final on April 19, 2016, when the time expired for filing a certiorari petition following his resentencing on the successful § 2255 petition. See Clay, 537 U.S. at 532; Supreme Court Rule 13(3) (90 days from order on motion for rehearing to file certiorari). Therefore, the time to file a timely § 2255 petition with regards to the new sentence expired on April 19, 2017. The sentence modification under § 3582(c) had no effect on the conviction's finality four purposes of § 2255's statute of limitations. See 18 U.S.C. § 3582(b) (the original judgment of conviction remains the final judgment for "all other purposes," even if the sentence is modified pursuant to § 3582(c)); see United States v. Sanders, 247 F.3d 139, 143 (4th

Cir. 2001) (noting that the plain language of § 3582(b) makes clear that the fact a sentence can be modified pursuant to Rule 35(b) or § 3582(c) does not affect finality for all other purposes).

Petitioner filed the instant § 2255 Motion to Vacate on June 9, 2017, nearly two months after the one-year statute of limitations expired. He argues that his petition is timely under Rule 2255 and because a challenge to subject matter jurisdiction can be raised at any time.

Petitioner's reliance on Rule 2255 is misplaced for the reasons already stated; he filed the instant petition nearly two months late.

Petitioner's assertion that a challenge to subject matter jurisdiction can be raised at any time likewise fails. While it is true that a challenge to a court's subject matter jurisdiction may be raised at any time, the Court's jurisdiction to hear the present § 2255 matter is not the issue here. Instead, Petitioner argues that there was a lack of jurisdiction in the criminal case. The one-year statute of limitations governs such a challenge. See United States v. Scruggs, 691 F.3d 660, 666-67 (5th Cir. 2012) ("Of course, a challenge to the court's subject matter jurisdiction over a case may be raised at any time because it goes to the court's very power to hear the case. But at issue [here] is not that the court lacks power to adjudicate this case – his § 2255 motion – but rather a want of jurisdiction in his criminal case. Jurisdictional claims are subject to the one-year limitations period for § 2255 claims….")(footnotes omitted); Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008) ("Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period. To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255."); Whitehead v. United States, 2015 WL 145769 at *2 (M.D.N.C. Jan. 12, 2015) (rejecting § 2255 petitioner's argument that the "lack of Congressional jurisdiction" cannot be time-barred).

Petitioner does not argue that equitable tolling applies and the record does not suggest the existence of any extraordinary circumstances. Petitioner filed the instant petition late, no exception to the one-year statute of limitations applies, and therefore, the § 2255 Motion to Vacate is time-barred. The pending Motion to Expedite and Motion Seeking Leave to Amend will be denied as moot.

**IV.    CONCLUSION**

For the foregoing reasons, the Court dismisses Petitioner's § 2255 Motion to Vacate with prejudice as time-barred and the pending motions are denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice.

2. Petitioner's Motion to Expedite, (Doc. No. 2), is **DENIED** as moot.

3. Petitioner' Motion Seeking Leave to Amend § 2255 Motion to Vacate, (Doc. No. 3), is **DENIED** as moot.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 21, 2018

Frank D. Whitney
Chief United States District Judge