# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:07-CR-00023-KDB-DCK-2

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| BRIAN DARNELL HENDERSON, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 279). Defendant seeks compassionate release for the second time arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Fort Dix[1] and that, due to his pre-existing medical conditions, he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus. (Doc. No. 279). The Government opposes the motion. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

Defendant provided medical records from the BOP which indicate that he suffers from ulcerative colitis and Crohn's disease for which he takes medication. (Doc. No. 280, Exhibit E). However, despite his professed fears relating to contracting COVID-19 while incarcerated, Defendant refused the Moderna COVID-19 vaccine offered by the BOP on March 8, 2021. (Doc.

---

[1] According to the Bureau of Prison's (BOP) website, FCI Fort Dix currently has zero inmates and one staff with confirmed active cases of COVID-19. There have been 2 inmate deaths, no staff deaths and 1,742 inmates have recovered and 93 staff have recovered. Additionally, 253 staff have been fully inoculated and 1,634 inmates have been fully inoculated.

No. 282, Exhibit 1). In so doing, Defendant declined the opportunity to reduce his risk of exposure to COVID-19 dramatically. He cannot reasonably expect that prolonging his risk of COVID-19 exposure by declining vaccination will be rewarded with a sentence reduction. *See, e.g., United States v. Williams,* No. CR1701279001PHXDLR, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021) ("Defendant's own behavior [in refusing vaccination] is inconsistent with his position that he believes he is at increased risk from the virus."). If Defendant were to receive the vaccine, it would substantially mitigate his risk of COVID-19 infection and likely eliminate the basis for his compassionate release motion. "Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward [his] refusal to protect [himself] by granting [his] release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them." *United States v. Gonzalez Zambrano*, No. 18-CR-2002-CJW-MAR, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021); *see also United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("Of course, were Mr. Lohmeier to substantially mitigate his risk of further COVID-19 infection, that would eliminate the predicate for his compassionate release motion. If that is the gambit, it fails."). Accordingly, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus. As such, Defendant's Motion will be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for compassionate release and reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 279), is **DENIED**.

**SO ORDERED.**

Signed: June 24, 2021

Kenneth D. Bell
United States District Judge